UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN DWAYNE HOLT,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>JIM MCDONNELL, et al.,<br><br>　　　　　　Defendants. | Case No. CV 15-9632 R(JC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.　BACKGROUND AND SUMMARY

On December 15, 2015, Calvin Dwayne Holt ("plaintiff") who is a prisoner, is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Original Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against Los Angeles County Sheriff Jim McDonnell ("McDonnell").

On February 5, 2016, the Court dismissed the Original Complaint and granted plaintiff leave to file an amended complaint.[1]

---

[1] This Court has reviewed the February 5, 2016 dismissal order which was issued by the assigned Magistrate Judge, agrees with and adopts it, and finds that the Magistrate Judge

(continued...)

On May 23, 2016, plaintiff filed the operative First Amended Complaint (alternatively referred to as "FAC") with attached exhibits against defendant McDonnell and the County of Los Angeles ("County") (collectively "defendants").[2] Very liberally construed, the First Amended Complaint appears to allege that on unspecified occasions the Los Angeles County Sheriff's Department ("LASD") failed to provide plaintiff with certain legal forms (*i.e.*, "Writs," State "Tort Claim") and failed to provide plaintiff "access to the law library or persons trained in the law to assist [plaintiff]" in connection with plaintiff's attempts to pursue four unrelated claims, namely (1) "L.A.S.D.'s failure to provide prescription eyeglasses to [plaintiff]"; (2) "L.A.S.D.'s discontinuance of the issuance of the Newspaper to [plaintiff] and fellow inmates of Twin Towers Correctional Facility, Floor 142"; (3) a "California State Tort Action" for legal malpractice; and (4) a "California State Tort Action" for illegally obtaining plaintiff's money. (FAC at 5-5a). The First Amended Complaint alleges that the LASD acted pursuant to a "policy of not providing law library access or assistance from persons trained in the law to those in their custody who are not pro per inmates in their criminal cases." (FAC at 5). Plaintiff sues defendant McDonnell in his individual and official capacities, and seeks monetary relief from both defendants. (FAC at 3, 6).

As the First Amended Complaint – much like its predecessor – is deficient in multiple respects, including those detailed below, it is dismissed with leave to amend.

///
///

---

[1](...continued)
properly dismissed the Original Complaint with leave to amend for the reasons discussed in such order.

[2]This Court refers to the page between pages 5 and 6 of the First Amended Complaint as page 5a.

## II. THE SCREENING REQUIREMENT

As plaintiff is a prisoner proceeding *in forma pauperis* on a civil rights complaint against governmental defendants, the Court must screen the First Amended Complaint, and is required to dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).

When screening a complaint to determine whether it states any claim that is viable (*i.e.*, capable of succeeding), the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide *both* "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing id. at 555). In addition, under Rule 10 of the Federal Rules of Civil Procedure ("Rule 10"), a complaint, among other things, must (1) state a party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances"; and (2) state "each claim founded on a separate transaction or occurrence . . . in a separate count" where, like here, "doing so would promote clarity. . . ." Fed. R. Civ. P. 10(b).

Thus, to survive screening, a civil rights complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotation marks omitted). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Iqbal, 556 U.S. at 678 (citation omitted); see also Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (complaint "must allege the basis of [plaintiff's] claim against *each* defendant" to satisfy Rule 8 pleading requirements) (emphasis added); Chappell v. Newbarth, 2009 WL 1211372, *3 (E.D. Cal. May 1, 2009) ("[A] complaint must put each defendant on notice of Plaintiff's claims against him or her, and their factual basis.") (citing Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004)). Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "*show*[] that the pleader is entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted). At the screening stage, "well-pleaded factual allegations" in a complaint are assumed true, while "[t]hreadbare recitals of the elements of a cause of action" and "legal conclusion[s] couched as a factual allegation" are not. Iqbal, 556 U.S. at 678 (citation and quotation marks omitted).

*Pro se* complaints in civil rights cases are interpreted liberally to give plaintiffs "the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). If a *pro se* complaint is dismissed for failure to state a claim, the court must "freely" grant leave to amend (that is, give the plaintiff a chance to file a new, corrected complaint) if it is "at all possible" that the plaintiff could correct the pleading errors in the complaint by alleging "other facts." Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted); Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc) (citation and quotation marks omitted).

///

## III. PERTINENT LAW

### A. Section 1983 Claims

To state a claim under Section 1983, a plaintiff must plausibly allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). There is no vicarious liability in Section 1983 lawsuits. Iqbal, 556 U.S. at 676 (citing, *inter alia*, Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 (1978)). Hence, a government official – whether subordinate or supervisor – may be held liable under Section 1983 only when his or her own actions have caused a constitutional deprivation. OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing id.), cert. denied, 134 S. Ct. 70 (2013).

An individual government defendant "causes" a constitutional deprivation essentially when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978) (citations omitted); see also Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (same) (citing id.). Allegations regarding causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

Similarly, a government official may be held individually liable under Section 1983 for acts taken in a supervisory capacity, but only when the supervisor's own misconduct caused an alleged constitutional deprivation. See

Iqbal, 556 U.S. at 676, 677; OSU Student Alliance, 699 F.3d at 1069 (citing id. at 676).  A supervisor may "cause" a constitutional deprivation for purposes of Section 1983 liability, if he or she (1) personally participated in or directed a subordinate's constitutional violation; or (2) was not "physically present when the [plaintiff's] injury occurred," but the constitutional deprivation can, nonetheless, be "directly attributed" to the supervisor's own wrongful conduct.  See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012).

     A local government entity may not be held liable under Section 1983 on a *respondeat superior* theory – that is, solely because it employs a tortfeasor.  See Monell, 436 U.S. at 690-91.  Local government entities – such as the County – may be held liable under Section 1983, however, where actions taken pursuant to an official government "policy" caused the constitutional deprivation alleged.  Connick v. Thompson, 563 U.S. 51, 60 (2011) (citing Monell, 436 U.S. at 692).  "Official [government] policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."  Id. (citations omitted).  In addition, a government entity may not be held liable under Section 1983 where no injury or constitutional violation has occurred in the first instance.  Jackson v. City of Bremerton, 268 F.3d 646, 653-54 (9th Cir. 2001).  Bare allegations that an employee's execution of an unspecified local government policy caused a plaintiff's constitutional injury, without more, are insufficient to *show* that the plaintiff is entitled to relief from the government employer pursuant to Section 1983.  See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (citations omitted).

     An official capacity action under Section 1983 is actually a suit against a government entity itself – like the County – not the entity's employee named in the complaint.  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an

entity of which the officer is an agent.'") (quoting Monell, 436 U.S. at 690 n.55). Where, like here, the local governing body has received notice and an opportunity to respond, the official-capacity suit is, "in all respects other than name," treated as a suit against the entity itself. Id. at 166 (citation omitted).

### B.  First Amendment – Right of Meaningful Access to the Courts

Prisoners retain the First Amendment right "to petition the government for a redress of [] grievances," which includes the specific right "to meaningful access to the courts[.]" Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011) (citation omitted), abrogated on other grounds as stated in Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The constitutional right of access to the courts generally requires prison officials to ensure that prisoners have the "capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis v. Casey, 518 U.S. 343, 356 (1996). To that end, depending on the circumstances, prison officials may be required affirmatively to "help prisoners exercise their rights" (*e.g.*, provide reasonable access to "adequate law libraries or adequate assistance from persons trained in the law"), or simply to refrain from "active interference" in prisoner litigation. Silva, 658 F.3d at 1102 (citation omitted); see, e.g., Bounds v. Smith, 430 U.S. 817, 828 (1977) (holding "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law") (footnote omitted), overruled in part on other grounds, Lewis, 518 U.S. at 354. Prison officials, however, are not required to ensure access beyond "[t]he tools . . . inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355 ("*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. . . . Impairment of [such] *other* litigating capacity is simply

one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

To state a viable denial of access claim, a prisoner/plaintiff must plausibly allege that some official misconduct (*e.g.*, alleged inadequacies in the jail's library facilities or legal assistance program) caused "actual injury" – that is, that it frustrated or is impeding plaintiff's attempt to bring a nonfrivolous legal claim. Lewis, 518 U.S. at 348-49; Nevada Department of Corrections v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing id. at 349), cert. denied, 132 S. Ct. 1823 (2012). The plaintiff must describe his underlying claim – whether anticipated or lost – and plausibly show that it is "nonfrivolous" and "arguable." See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

**IV. DISCUSSION**

First, the First Amended Complaint does not make allegations in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," and thus violates Rule 10(b).

Second, the First Amended Complaint does not state a viable Section 1983 individual capacity claim against defendant McDonnell. The First Amended Complaint does not plausibly allege that defendant McDonnell did any affirmative act, participated in another's affirmative act, failed to perform a legally required act, or participated in/directed particular conduct that caused the deprivations about which plaintiff complains. Plaintiff's conclusory allegation that defendant McDonnell was the "supervisory official responsible for the enforcement of the Jails [sic] policies" (FAC at 3) is insufficient to state a viable Section 1983 claim. In short, a federal civil rights claim may not be based solely on a defendant's supervisory position. See Taylor, 880 F.2d at 1045 ("There is no respondeat superior liability under section 1983.") (citation omitted).

Third, the First Amended Complaint does not mention the specific date, time, or place of, nor the person involved in any particular incident which allegedly

caused a constitutional deprivation.  At most, plaintiff's supporting facts contain general allegations of misconduct by the "LASD" without identifying any specific injury-causing act or omission of any particular government official.  Such general and conclusory allegations do not demonstrate a causal link between any *specific* defendant's conduct and a constitutional violation, and therefore are insufficient to state a viable Section 1983 claim.  See Twombly, 550 U.S. at 565 n.10 (conclusory allegations which furnish "no clue" as to "specific time, place, or person involved in" alleged misconduct, and which leave defendant "little idea where to begin" when answering, insufficient to state a viable claim under Rule 8 pleading standard); see also Iqbal, 556 U.S. at 680-84 (conclusory allegations in complaint which amount to nothing more than a "formulaic recitation of the elements" insufficient under Rule 8) (citations omitted); Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (Vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim under Section 1983) (citing Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)); see generally Galen v. County of Los Angeles, 477 F.3d 652, 659 (9th Cir. 2007) ("[A] public official is liable under § 1983 only if he *causes* the plaintiff to be subjected to a deprivation of his constitutional rights.") (quoting Baker v. McCollan, 443 U.S. 137, 142 (1979)) (emphasis and alteration in original).  To state a viable Section 1983 individual capacity claim plaintiff must, at a minimum, allege facts which demonstrate specific acts an individual official did and how that individual's alleged misconduct specifically violated plaintiff's constitutional rights.

Fourth, the First Amended Complaint fails to state a viable official capacity claim against defendant McDonnell or a Monell claim against the County since, as noted above, plaintiff has not adequately alleged any constitutional deprivation by a specific government actor.  See Jackson, 268 F.3d at 653-54 ("Neither a municipality nor a supervisor . . . can be held liable under § 1983 where no injury or

9

1  constitutional violation has occurred."); Quintanilla v. City of Downey, 84 F.3d
2  353, 355 (9th Cir. 1997) (municipality not liable under Section 1983 for acts
3  committed pursuant to municipal policy or custom unless plaintiff shows individual
4  actors actually violated his constitutional rights), cert. denied, 519 U.S. 1122
5  (1997); cf., e.g., Hernandez, 666 F.3d at 636-37 (To survive motion to dismiss
6  complaint must contain "factual allegations that . . . plausibly suggest an entitlement
7  to relief, such that it is not unfair to require the opposing party to be subjected to the
8  expense of discovery and continued litigation" – a "bare allegation" that officer's
9  conduct conformed to unspecified government policy, custom or practice is
10 insufficient.) (citations and internal quotation marks omitted).

      Fifth, much of plaintiff's "supporting facts" are basically conclusory legal
and factual assertions that do nothing to "show" that plaintiff is entitled to any
relief. (FAC at 5-5a). For example, even when very liberally construed, plaintiff's
allegations that the LASD maintained an unspecified "policy of not providing law
library access or assistance from persons trained in the law to those in their custody
who are not pro per inmates in their criminal cases," amount to nothing but a
"formulaic recitation of the elements" of a First Amendment denial of access to
courts claim, and thus are insufficient to state a viable Section 1983 claim against
either defendant. See Iqbal, 556 U.S. at 680-84 (citations omitted); see also
Hernandez, 666 F.3d at 637 ("allegations in a complaint . . . [which] simply recite
the elements of a cause of action" are "[not] entitled to the presumption of truth")
(quoting Starr v. Baca, 652 F.3d 1202 (9th Cir. 2011)) (internal quotation marks
omitted). Similarly, plaintiff's cryptic and conclusory allegations that unspecified
filings were "denied," untimely, and/or "unanswered" do not adequately identify a
specific "nonfrivolous" and "arguable" underlying and relevant claim which

///
///
///

assertedly is being impeded/frustrated as required to state a First Amendment denial of access to courts claim. Pena, 976 F.2d at 471 (citation omitted).[3]

Finally, the remaining allegations in the First Amended Complaint amount to little more than unintelligible stream-of-consciousness rambling – which is insufficient under Rule 8 to state a viable claim against any *specific* defendant. See Knapp v. Hogan, 738 F.3d 1106, 1109 & n.1 (9th Cir. 2013) (violations of Rule 8 "warrant dismissal" of complaint) (citations omitted), cert. denied, 135 S. Ct. 57 (2014); cf. Cafasso, 637 F.3d at 1059 (pleading that consists of "incomprehensible rambling" violates pleading requirements under Federal Rules of Civil Procedure) (citation and internal quotation marks omitted); see also Stewart v. Ryan, 2010 WL 1729117, *2 (D. Ariz. Apr. 27, 2010) ("It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims.").

## V.  ORDERS

In light of the foregoing, IT IS HEREBY ORDERED:

1. The First Amended Complaint is dismissed with leave to amend. If plaintiff intends to pursue this matter, he shall file a Second Amended Complaint within twenty (20) days of the date of this Order which cures the pleading defects set forth herein.[4] The Clerk is directed to provide plaintiff with a Central District of

---

[3] To the extent plaintiff suggests that he has stated a Section 1983 claim merely by referencing the FAC exhibits, he is incorrect. It is not the Court's responsibility to sift through plaintiff's exhibits in an attempt to glean whether plaintiff has an adequate basis upon which to state a plausible claim for relief. Cf. Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1066 (9th Cir. 2009) ("[j]udges are not like pigs, hunting for truffles buried in briefs") (citation omitted); Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir.) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.") (cited with approval in Knapp v. Hogan, 738 F.3d 1106, 1111 (9th Cir. 2013), cert. denied, 135 S. Ct. 57 (2014)), cert. denied, 540 U.S. 968 (2003).

[4] Any Second Amended Complaint must: (a) be labeled "Second Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the Original Complaint or the First

(continued...)

California Civil Rights Complaint Form, CV-66, to facilitate plaintiff's filing of a Second Amended Complaint if he elects to proceed in that fashion.

2. In the event plaintiff elects not to proceed with this action, he shall sign and return the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice.

3. **Plaintiff is cautioned that, absent further order of the Court, plaintiff's failure timely to file a Second Amended Complaint or Notice of Dismissal, may result in the dismissal of this action with or without prejudice on the grounds set forth above and/or for failure diligently to prosecute and/or for failure to comply with the Court's Order.**

IT IS SO ORDERED.

DATED: December 12, 2016

_____
HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Attachments

---

[4](...continued)
Amended Complaint – *i.e.*, it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) present allegations in sequentially numbered paragraphs, "each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b)); (f) state each claim founded on a separate transaction or occurrence in a separate count as needed for clarity (Fed. R. Civ. P. 10(b)); (g) set forth clearly the sequence of events giving rise to the claim(s) for relief; (h) allege specifically what each individual defendant did and how that individual's conduct specifically violated plaintiff's civil rights; and (i) not change the nature of this suit by adding new, unrelated claims or defendants, cf. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (civil rights plaintiff may not file "buckshot" complaints – *i.e.*, a pleading that alleges unrelated violations against different defendants).